UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW MICHAEL OUELLETTE,

    Petitioner,

                              NO. 2:08-CV-10411
                              VICTORIA A. ROBERTS
v.                            UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

    Respondent.
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

Andrew Michael Ouellette ("Petitioner"), a state prisoner currently confined at the Kinross Correctional Facility in Kincheloe, Michigan, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On September 21, 2009, the court denied the petition.  Now pending before the court is Petitioner's Notice of Appeal.

Before a petitioner may appeal a court's dispositive decision denying a petition for a writ of habeas corpus, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  Even if a petitioner does not file a request for a certificate of appealability, upon the filing of a notice of appeal, the district court must either issue a certificate of appealability indicating the issues that satisfy the required showing or provide reasons why such a certificate should not issue.  28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *Castro v. United States*, 310 F.3d 900, 901-03 (6th Cir. 2002) (per curiam).

When a habeas petitioner seeks permission to initiate appellate review of the dismissal of a petition, a federal court should limit its examination to a threshold inquiry into the underlying merit of his claims.  *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003).  A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

In his habeas petition, Petitioner argued that his conviction for receiving, possessing, concealing or aiding in the concealment of stolen property was unconstitutionally obtained because the police conducted a warrantless search in violation of the Fourth Amendment.  He also argued that he was denied a fair trial due to the admission of prejudicial evidence and prosecutorial misconduct.  Finally, Petitioner argued that there was insufficient evidence to sustain his conviction.  The court concludes that reasonable jurists could not debate the court's conclusion that the petition does not present any claim upon which habeas relief may be granted because the state court decisions were consistent with federal law as established by the United States Supreme Court, and were not based upon an unreasonable determination of the facts in light of the evidence presented.  *Dockins v. Hines,* 374 F.3d 935, 938 (10th Cir. 2004) (AEDPA deferential review of state court decisions is incorporated into consideration of request for certificate of appealability) (citing *Miller-El*, 537 U.S. at 349-50) (Scalia, J., concurring)); *see also Miller-El*, 537 U.S. at 336 ("We look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that

resolution was debatable amongst jurists of reason."). Therefore, the court declines to issue a certificate of appealability.

Accordingly, **IT IS ORDERED** that a Certificate of Appealability is **DENIED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: December 1, 2009

> The undersigned certifies that a copy of this document was served on the attorneys of record and Andrew Michael Ouellette by electronic means or U.S. Mail on December 1, 2009.
>
> s/Carol A. Pinegar
> Deputy Clerk